Good morning, Your Honors, and may it please the Court, my name is Joshua Deidelberg, appearing on behalf of Fresh & Easy, and I'd like to reserve three minutes of my time if I could. Very well, thank you. I'd like to address with you two areas this morning. First, the invalidity of the subpoena, and then second, the relevance of overbreath and burden considerations. With respect to the validity of the subpoena, the service issues turns on whether a private party is an agent of the NLRB for purposes of serving a subpoena. There is no such thing as a private party subpoena. Subpoenas are documents of the Board, they're directives of the Board, they're issued by the Board, compliance proceedings. So, in other words, you would agree that the statutory and regulatory scheme otherwise does distinguish between parties and the agency with regard to the need to serve the lawyers? Not with respect to subpoenas. I understand. That's why I'm asking, otherwise, other than for subpoenas. Otherwise, with respect to papers, there is a difference between 113 and 114 with respect to ordinary papers. I believe it's different with respect to a subpoena, which can subject a party to contempt. And, in fact, 113 and 114 are not silos. 114 cross-references 113 in certain respects. And I would also suggest that if the Court finds that there's any tension or uncertainty or lack of clarity between the two regulations, it would seem to me to be odd in talking about a subpoena where the consequences for failure to comply are going to be the same regardless of... So you think that a party who's filing a brief before a hearing can just serve the party and doesn't have to serve the lawyer? Yes, because subpoenas are covered specifically in 113 with respect to the board. And in 113F is language indicating that the board or its agents... And, again, I would suggest that when one is serving a directive of the board, that one is necessarily acting as an agent of the board for that limited purpose with respect to a subpoena. I think subpoenas, given their consequences, have a different status, as it were, than simply ordinary papers in the case. But the heading on 113 is methods of service of process and papers by the agency. And this is not service by the agency. It may be a paper of the agency, but it's not service by them. Again, Your Honor, I would point to two things. One, if you look at 114... How about 114? I'm sorry, Your Honor? How about 114? Yes, well, 114, if you notice, does cross-reference 113. So they're not silos. There can be situations in which a private party can be subject to 113. And it comes with respect to subpoena under 113F, which talks about the board or its agents. And again, since we're talking about what is at bottom a board directive, it would seem that a private party in that limited purpose is acting as the board's agent. You know, for something, again, that could lead to contempt, potentially, if it's not complied with. So again, I think there is a distinction between subpoenas very specifically and other forms of papers, which are not specifically referenced in 113. And where do you find this distinction? There's an exception, but why does the exception apply to this? I mean, there's a cross-reference to 113A or 113C. Yes, it talks about, you know, unless 113 applies in 114A and also in 114E. So you're relying on 113C? That's what you're relying on? 113C and F. But that's C. It doesn't say F. It says C. In other words, the cross-reference doesn't say F. It says C. It doesn't say anything about whether you serve the lawyers or not. Yeah, I think in 114E, it also cross-references 113. And I would also say directly under 113, again, with the notion that in serving the board's subpoena, one is acting as an agent of the board. Did you suffer any prejudice as a result of no service on the council? We did, Your Honor. What was that? As a result of it not being served, we were unable to file a timely petition to revoke. Well, why is that? I understand that you didn't read the paper, but when did you get the paper? Well, we got it. What's in the record on that is at page 154. It's not entirely clear, but certainly we got it less than five days prior to the time that we would have had to revoke. You got it less than five days. In other words, you could have done it if you'd read it. You say you could? Yes. It's not clear. I should mention, Your Honor, a couple things with respect to that. Wait a minute. Let's just make this clear. Does the record indicate that you received it before the expiration of the time where you could have filed a revocation motion? Well, it's actually not clear in the record. What it says specifically is that this is on page 154 of the record. It was transmitted to our firm, to counsel, but it was overlooked. It was essentially an email. It was not served upon us directly. It was basically embedded in email traffic from the client. And if it had been served according to the way you say it should have been served, then it would have been served more prominently, and there would not have been this oversight of the email. Exactly so. If it was served, and I think service has a certain formality and a certain gravitas to the notice of it, then we would have filed a petition to revoke. I should also mention a couple other points with respect to prejudice. First of all, if you accept that 113 applies, there is no prejudice element. You don't have that problem with all this traffic coming through email and fax machines, but you need to look at it when it comes in. You have to have someone that's going to look at it that understands what it is. Yes, Your Honor. I think that underscores the virtue of serving counsel, whom I think everyone understands is going to be the person who is going to respond to the subpoena directly. I think that's about it. Well, in general, with regard to subpoenas in litigation, on whom are subpoenas usually served? If you had a district court trial. They are served on the parties most typically. But I think we're talking about a five-day rule, which is very short. The reality is you never even get the full five days. It's sort of weird because you're agreeing that they could serve their briefs on the parties, which is not usually done, but you're saying that the subpoenas had to be served on the counsel. Subpoenas have contempt elements to them that briefs don't. But you're essentially arguing for the reverse of the usual practice. Well, I think simply because of the five-day rule and the fact that it gives a party very little time to potentially address what could be a dramatically overbroad subpoena, which could subject that party to contempt proceedings if it's not complied with. I would say the better practice is to be front and center and have the subpoena served on counsel. Beyond the validity issue— Well, there's no way you're going to ask for extra time if you're caught short. Well, in our particular case, Your Honor, the oversight was discovered, unfortunately, the day before the hearing. So what we did was went into the hearing. We're very forthcoming with the ALJ about trying to resolve the issue. The ALJ invoked the five-day rule, said that we could not file a petition to revoke at that time, so it would have been futile to do so. We also attempted later on during the course of the overall proceedings, when there were subsequent motions, to raise the subpoena issue again with the ALJ and with the Board itself. And they cited the five-day rule again and were unwilling to address the merits of it, which is why we're here in the courts. You have other arguments, do you, unconsciously? I'm sorry? Go on to your other arguments. Oh, yes. With respect to relevance, I think— Isn't the relevance—I mean, you only got this just before, but it was actually filed a month before, right? Yes. And at that time, what the parties had was the complaint. It had to be relevant to the complaint. The complaint was very general. And you're arguing that they had to essentially narrow the subpoena to reflect the case as it developed later, but aren't we judging it as of the time it issued? Well, I think—you know, recall again, we've stipulated to the resolution of 17 out of the 19 specific requests in the subpoena. Okay, I understand. So what's left is essentially— But what are we looking at as of? It has to be relevant to the complaint, right? Or the proceedings, yes. But, you know, can it really be that we want to encourage a subpoena request that's essentially give us everything with respect to— A response to—I mean, if this at all proceeded, you know, normally, you would have responded in that five-day period. And whatever limitation the board later placed on its theory, nobody would have known. So it seems to me that we can't look at what happened later. I mean, I think ultimately it has to be looked at at the time of review and as the case develops. Why? But that just encourages it, you know, to delay. Well, what we know about the case is that it's a— It might have developed otherwise if what had been asked had been produced. That our petitioner vote might have failed? No, that the case might have developed otherwise if the material requested, which— Do you think that the material requested was not relevant to the complaint as the complaint was drafted? I do not, if you understand relevance to include the particularity element of 161. This was a fairly narrow 8A1 case, Your Honor, involving five stores and particular signage. What the union requested in these two requests literally was give us everything related to union activity. I mean, seemingly whether it's cast in terms of relevance or overbreath, you know, there has to be— How is it not relevant that if you have something, an action, a no solicitation notice policy, which can be neutral? Why is it not relevant to have information as to whether or not there is any underlying union animus? Well, I would say that there has to be a causal nexus to the signs. You know, if they had asked for, tell us the motivation as to why you posted these signs. Tell us what the impact of these signs were on— Right, and you would have confined your discovery to— If you'd done a search on the computer for underlying documents, you would have put no solicitation. However, if there's a general company culture of union animus, isn't that going to inform the motivation of this general policy of no solicitation? I think whether you address it in terms of relevance or overbreath, there has to be a limiting principle somewhere. There has to be a causal nexus. I mean, one can have union views about, you know, some other aspect of their operation, but isn't the question in this case, which simply involves signs— Has the board—does the ALJ or the board ever rule on this, or did they not rule on it because there was no petition to revoke? They did not rule on the merits because there was no petition. Right, so how can we rule on it? Essentially, it's sort of not exhaustive. If we think the service was proper— I'm sorry? If we get by the service question, then you didn't file a motion to revoke, and aren't we done? No, Your Honor, because this circuit has not adopted any exhaustion principles, either in North Bay or— So we're going to decide for the board what's relevant? I would prefer if you remanded it to the ALJ to decide on the merits as a possible— The merits on the relevance. The relevance or the overbreath. You know, essentially, we would have loved to have, you know, argued, you know, these requests, you know, on the merits— But if the service was proper, then they're right that you didn't file a motion to revoke. And aren't they right in what they actually decided, which is we're not going to limit the subpoena because you didn't ask us to properly? So we have no choice. I mean, we might not have—if we didn't adopt an exhaustion policy, don't we need to? Because we can't decide what's relevant. And if they were right about the revocation, why don't we just say you're right? But in North Bay Plumbing, I mean, there is a review function for this court, I think, because— Even if there's no motion to revoke file? That has not been the, you know, the circuit's— We're not reviewing anything. There was no decision. What are we reviewing? You're reviewing de novo, you know, the relevance and overbreath and, you know— And we can do that? You can under the circuit's cases. What case is that? In a case where the motion to revoke wasn't filed. Well, I guess I'd say, and I'd like to reserve a little bit of time to finish your question. There's no case in the circuit that, to date, that has imposed an exhaustion requirement. No. All right. Is there any case in this circuit in which we have reviewed de novo without a ruling by the board? The question of the relevance or overbreath of a subpoena for the board. I'm not aware of one, Your Honor. These are fairly unusual situations. I don't think there's a case either way in the circuit. And is that issue jurisdictional or non-jurisdictional? It is not jurisdictional. In other words— And so the issue has not been raised in this case. I'm sorry, Your Honor? The issue is not presented by the parties in this case. Which issue, Your Honor? The need for exhaustion. The union made an exhaustion argument, which we responded to in our brief. Okay. I'm sorry. And I should just say very briefly, the exhaustion cases that they cite were situations, the Hennepin case and the Cousins case, in which the party didn't do anything or didn't attempt to do anything below with the agency. We sought, short of the five-day rule, to get the merits before the agency at every opportunity. So the question is more limited than that, is whether the requirement of a revocation motion is part of exhaustion. It's part of exhaustion or a necessary part of exhaustion. Right. Okay. I understand. Or just more simply, whether we can simply affirm the board on the basis that it ruled, which is that you didn't file a motion to revoke, period, at the end. I think if—is it okay if I continue? Yeah, go ahead. Okay. You know, I think if you have an outcome, you know, especially in the absence of counsel service, you know, that essentially says if you don't file a petition to revoke for five days, you have no shot at all at judicial review, regardless of, you know, how inappropriate, you know, clearly inappropriate a subpoena would be, I would think that— So then you're challenging the rule. I'm sorry? Then you're challenging the rule. And you're saying we should not—the reason we shouldn't affirm is because the rule is an invalid rule. Well, we did not make a challenge to the rule directly in our briefs, Your Honor. All right. One last question. Yes. Does it make any difference to what we do now? What is the current status of the case? Of the case, the underlying case. The current status of the case is that there is a settlement agreement between the parties which the union is currently objecting to before the ALJ. Additionally, the union filed a parallel unfair labor practice charge with respect to the New York, New York theory that's in the brief, the notion that the signage could have an impact not just on Fresh and Easy's employees, but also on vendor employees. The region essentially has put further consideration of the settlement in advance until they investigate that parallel charge because it could be joined with— So the case isn't over. I'm sorry? The case is not over. The underlying case is not over.  Okay. Thank you. Thank you. Here is the court, David Rosenfeld, on behalf of the union. The case is not over. We had subsequent day of hearing in July of 2012. The matter still sits before the New York State Bar Court pending the subpoena issue. I do want to crack one thing Judge Berzon, in terms of the record, just to be clear. The subpoena was issued on June 17th. A little more than a month before the hearing. But it wasn't actually served, as the record reflects, until July 8th by United Parcel Service. So then you have 11 days to file a motion to quash. The subpoena itself on its face warns the party, you have five days to file a motion to quash. Otherwise, it's enforced. And when did the hearing start? The 19th. Okay. So it was about 11 days. Okay. And Mr. Deidelberg was forthright with the judge and has been forthright with the court that when asked about this, as reflected in the record of 154, he said they received it by e-mail and was overlooked. That was the term he used. We don't know when exactly they received it. Well, we don't know. He didn't represent to the judge when he received it. He just said it was overlooked. Knowing that it was served on the 8th by United Parcel Service, presumably it was served fairly soon. But what Mr. Deidelberg, I think, ignores is that assuming he got it two or three days beforehand, he could have said to the judge, I just saw it. You're talking about his e-mail receipt. Right. But what I think he's saying, and he's represented to the court, is that they checked and discovered it had been e-mailed to them. They had it. He didn't tell the judge exactly for how long they had it, but we know his client had it since July 8th. But what about Mr. Deidelberg's position that, you know, we get a lot of e-mails, you know, we get Groupons and everything else, and it doesn't have any gravitas if it does not comply with the rules of service? Well, what has gravitas is that Rule 114 requires or allows service on the party. The gravitas of the subpoena, if you look at it on its face, is an official board document, official seal. His client knew about it. I understand that. But you were talking about the e-mail. True. And I'm suggesting that does not rise to the level of gravitas that service does and should not be considered. And from our point of view, that's totally correct, because our view is that 114 says service on the party is correct. So you agree that in board practice, if you're filing a brief, you could serve the party and not the lawyer? I find that very odd, and I don't particularly read this all that way. I think you're getting a bit of a freebie, actually, from your opponent as to how these pieces fit together. Well, the problem is if you look at 113, all the subparts relate expressly to service by the agency, with the exception of C that doesn't indicate either way and deal with service. 114, each of the subparts. Well, except the statement in F. I mean, the heading is by the agency, but F says service upon representatives of parties whenever these rules require or permit the service of pleadings, you're supposed to also serve a party. And it doesn't say exactly what these rules are, whether it's just this section, which it doesn't say, or whether it's all of the rules. Then you go to so you're just assuming that that F only applies to service by the agency. Well, because the reference to rules, Your Honor, is if you go back and look at the rest of the board rules, there are a number of places where expressly states the agency. I mean, the board, general counsel, acting general counsel, attorney has an obligation to serve particular documents. For example, notices of hearing of 10K hearings, notices of AP7 charges. So throughout the rules are littered references to the agency or its officers serving documents. Yeah, but this is written in the passive tense. It doesn't say who. It says whenever these rules require the service of pleadings. It doesn't say by the agency or by the general counsel. That's true. The context of that rule is everything else in 113 relates to service by the agency. The heading is service by the agency. So it sounds like that deals with the agency. Right. Then you get to, which I wondered about, in the middle of 114, you have E, which says, the person or party serving the paper or process in conformance with 102.113 in paragraph A of this section. Now, on your theory, they shouldn't be talking about 102.113 in this section because this doesn't deal with anything in 113. Well, they cross-referenced 113 in C to take care of that problem. But this is obviously a rule that applies to, it says, whenever a person or party serves in conformance with 102.113. So it either applies to the board, even though the section in general doesn't, or it assumes that parts of 113 do apply to parties who aren't the board. That deals with proof of service in section 113 has its own proof of service provision for the agency documents, which is 113E. So then why are they talking about 113 and 114, other than that some parts of 113 do apply to people other than the board? I think that's the point. What's the point? I think because of their cross-referencing in that particular section E on other parties in conformance with 113 in paragraph A of this section, which will submit a written statement of service. And the rest of this rule... Well, why not play it safe and serve on counsel and on the party? Well, there are good reasons for that. There's a reason that the Court has already recognized it. The statute says that the board is to handle cases insofar as practicable in conformance with the federal rules of evidence and civil procedure. Rule 45 that deals with subpoenas says that pretrial discovery subpoenas have to be served on the party and the representative of the party. So if you're serving a subpoena regarding discovery or deposition, you need to serve it on the lawyer for the party. But Rule 45 does not make that requirement when you serve a trial subpoena for obvious reasons. If you serve a trial subpoena, it's too easy for counsel to make people ask. Yes, but what bothers me is that your reading of these rules doesn't only apply to subpoenas. Your reading of these rules... What did you say? The reason that Rule 45 doesn't require service of a trial subpoena on counsel for a party is because otherwise you serve them in advance and the rule recognizes that on occasion the counsel can make it difficult for service. So it doesn't require Rule 45... What do you mean he can make it difficult to serve? If you have a client, watch out for the subpoena and avoid it. So the rule allows service on a person who's represented, who's a party, without service on counsel. And as Mr. Deidelberg... That's not a very good reason. You could just tell them the same thing anyway and the fact, i.e., if anybody serves for anything, be careful. That's true, but the rule regarding service of a party in Rule 45 is Rule 45A4 and expressly is limited to pretrial subpoenas, not trial subpoenas. Okay, but as I understand your argument, you would have to extend not just to subpoenas but to anything that's served by a party other than the board. So as we said before, if you had a brief to be filed, there's nothing... The only consistent position is that the briefs also don't have to be filed on the attorneys. Well, 114C answers that, and that's board practice. If you don't serve a brief, if your proof of service doesn't say, I serve counsel, then the board can reject the document or withhold consideration. Why? So board practice is if your proof of service is inadequate, you get a call from the board saying... I'll only have to say of the party because I don't understand how you're distinguishing subpoenas from other papers if you read 114 the way you're reading it. Because 114... Well, I realize that subpoenas serve a different function here, and with respect to briefs, 114C says, fair to comply with the requirements of the section relating to the timeliness of service on other parties means it can be rejected or withholding of consideration. But you would have to take the same position. There's nothing in here that says the briefs have to be filed on the lawyers either. You're right. I guess you could read this to say that briefs... And you wouldn't do that because it would be very silly. I realize that, but on occasion I have filed briefs, as everybody has, where the proof of service is lacking, and what happens is you get called by the board... You're supposed to be serving the lawyers. Why does everybody think that? Because those are filed in the course of the proceedings as opposed to serving the subpoena on someone who may be a party, may not. Keep in mind that this subpoena was served on Hugh Cousins. He was not a party. He was an agent of the party. And so the rule deals with the party. So if I had served a subpoena on Fresh and Easy, there might be a different argument here. But as Mr. Dylberg began his argument, he forgets the fact that I'm not always aligned with the board when I serve subpoenas. I'm often in opposition to the board, so I will often serve subpoenas on charging parties when I represent a union as a respondent, or I'll serve it upon an employer who may be not aligned with a union. I don't serve those subpoenas on counsel for general counsel because I have no obligation to do that. And I have no obligation here to do that because Rule 114 applies to service by parties. 113 serves a different purpose, as Mr. Dylberg has pointed out. The general counsel is supposed to be more ---- You did that because you thought you'd pull a fast one on counsel and the client would just somehow pick up the subpoena and just start gathering all the material that you were requesting without calling the lawyer? I did it because I've been serving subpoenas for a long time, and I've always served subpoenas. I've never served for the agency because I've never worked for the agency. I'm aware that whenever the agency serves a subpoena on one of my clients, I always know about it because I understand that's their obligation. Yeah, but you know in this day and age where you get e-mail, you get text mail, you get letters, you get all kinds of stuff through your fax machine, and there's this big stack and people don't get around to it immediately. It's a big imposition. Let me address then ---- I mean, it just seems to me that if you really wanted to get that material, that you would have let the lawyer know. I don't know why you wouldn't do that. Because the rule ---- You're right. I suppose I could have called the lawyer up in advance and said, will you provide this material voluntarily? But the rule says it allows me to serve Mr. Cousins and ask him to provide this information. I accomplished that. The board has addressed this. If you don't read 113F as replying to this, and if you believe that ---- I'm not sure where it says that you only have to serve the party. And you agree that everybody understands with regards to briefs and so on that you don't only have to serve the party. And it doesn't say that anywhere. I understand that. Except if you read 113F as saying it. I do it as a matter of course, except, as I said, I've made mistakes and the board or somebody catches me and says please serve and they won't consider the paper until you do it. Right, because they think you have to. Why do they think you have to? Well, I guess because briefs and those kinds of documents serve a different purpose. Yeah, but not because there's anything in the rule that says that, unless you read 113F as saying that. True. Well, when you sent it, how many documents did you send at one time? The subpoena was four or five pages long. It was a subpoena and an attachment. That's all? Yes. The board was ---- the basic problem that Fresh and Easy has, however, is this exhaustion issue, which is that ---- Well, they only have that problem if you properly serve them. But they have an exhaustion issue, which is that they never filed a motion to quash. They claimed they weren't allowed to. They were told it would be denied. But they had the subpoena undisputably as of July 18th, the day before the hearing. Counsel had it. So the question has been that the board and the courts are handled in cases involving the EOC and the LRB, both of which have the same subpoena statute. You've got to show some prejudice. They had it as of July 18th. They actually took the position that they don't have to file a motion to quash. They didn't file a motion to quash before Judge McCarrick, who in the transcript invited them to do that, in effect. Then they sought to close the record, which they thought the way was to avoid ---- Well, their representation was he told them that because they didn't file a motion to revoke, that he wasn't going to listen to anything on the merits, which is true. He said he wouldn't consider it. But if you look at the record at page 169, 170, he, at that point, invited them by saying, well, you haven't filed one. And he said, yeah, you can file anything, and obviously I would have jurisdiction at this point over a motion to quash as the record is still open. He invited it. They chose not to. So rather than file a motion to quash after he invited it at the end of the day, they chose not to. They filed a motion to close the hearing, and when the judge denied that, they filed a special appeal to the board. It's common practice to use 102.26, which allows special appeals, any time you're unhappy with what an administrative law judge does. And when they filed that with the board, seeking relief from the closure of the hearing, they wanted the hearing closed. They didn't want to deal with this anymore. They wanted to submit it based on the record. They represented to the board, and this is at the record at 194 and 197, that they had no obligation to file a motion to quash or a petition to revoke taking the position that the subpoena was invalid. But they already had it. They had not suffered prejudice. The Cousins case and other cases say it's a matter of prejudice. They had it as of the 18th. They could have said to the judge, well, we've got it. The council has it. The respondent has it. We need more time to respond. We need more time to file a motion to quash. They didn't do that. And so the board said, look, you never filed a petition to revoke. You had that right to do it. And there is an old Supreme Court case, which I happened to find yesterday, that deals with this issue but not in the context of the fair defense. How old is that case? It's 1955. It's called NLRB v. Duval. They didn't have e-mail and faxes. In those days, we had carrier pigeons. The case didn't deal with pigeons. It dealt with the fact that the employer chose not to exhaust a rent. All right. So the board says that A.L.J. McCarrick declined to entertain a motion to quash and stand to ruling that such a motion would be untimely. You're saying that's wrong? That's what the board ruled. No. He initially said that, but they never filed a motion. But the premise on the board's appeal, that was their premise, right? That was their premise, and he did suggest if they wanted to file a motion, they could do it. They chose not to. But your position would have been and the board's position would have been that it was too late. That's what it says here, and that's what your position is? That's right. What would have done it to file a motion to quash? The answer would have been it's too late. That would have been my position, but the board could have overruled that on the special motion to appeal by saying it's not too late, go ahead and hear it because there was prejudice suffered or for whatever other reason the board felt appropriate because they've got broad discretion to do that. When they wait until much later and they don't file a motion denominated motion to revoke subpoena, which they could have done, this 1226 is broadly used for anything I'd like. So they chose to say we didn't file a motion to revoke. We never thought we had to because the petition, the subpoena, wasn't validly served. And all they asked the board to do in their special motion was to close the record so that there'd be no more evidence. They wanted their cake and to eat it too. They wanted no more evidence of any kind in the record. The board said, sorry. Well, you wanted your cake too. I wanted the evidence. Well, it's cake. It's cake, but it's probably not eating it too. But I wanted my evidence. And the board said, look, fresh and easy, you could have always filed a petition to revoke. You haven't done it. Sorry, we're denying your special appeal on your motion to close the record. So they failed to take the remedy that's available to them, to the board, to say reverse the judge, entertain a motion to revoke the subpoena. They didn't exhaust the remedy, which they had before them, which is sort of fundamental to the board and the way the statute works. So the board, as I said, denied that in November of 2011 on a theory that  I wish the board said you could have done. Well, your time's up too. Thank you. May I have a minute to respond to that? One minute. Thank you. With respect to the exhaustion issue, on page 157 and page 191 of the record, the ALJ was very clear that he was not going to entertain a petition to revoke because of the timeliness issue. We would have filed one if there was a possibility.
judges: Pregerson, Murphy, Berzon